UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
STEPHEN FLANAGAN, as a Trustee of the
GENERAL LABORERS' LOCAL 66 PENSION
FUND, et al.,

                          Plaintiffs,                            **REPORT AND**
                                                       **RECOMMENDATION**
            -against-                                   CV 09-1250 (JS)(ARL)

M.N.T. DEVELOPMENT CORP. and
ANDREW ANTONACCI,

                              Defendants.
----------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

This matter was referred to the undersigned by District Judge Seybert for a report and recommendation as to whether a default judgment should be entered and, if so, the proper amount of damages, costs and/or fees, if any, to be awarded. On August 29, 2011, the plaintiffs moved for a default judgment against the defendants M.N.T. Development Corp. ("M.N.T.") and Andrew Antonacci ("Antonacci"). On August 31, 2011, the Clerk of the Court entered a notation of default in this matter noting that the corporate defendant had been served on November 16, 2009, and the individual defendant had been served a year later on January 19, 2011. Upon receipt of the referral, the undersigned directed the plaintiffs to file papers in support of their damages, which they have done. The defendants were given an opportunity to oppose the motion, but to date have failed to do so.

Based on the evidence submitted, the undersigned recommends that the plaintiffs' motion for a default judgment against M.N.T. be granted, but that the motion against Antonacci be denied. The undersigned further recommends that an award of damages against M.N.T. be denied, at this time, with leave to renew.

**BACKGROUND**

The plaintiffs brought this action under ERISA, 29 U.S.C. § 1132, and the Taft-Hartley

act. 29 U.S.C. § 185, to collect delinquent contributions and related damages allegedly owed by

the defendants. The plaintiffs allege in the complaint that M.N.T. is a New York corporation and

Antonacci, is an officer, director and/or shareholder of M.N.T. *See* Complaint ¶ 4. The plaintiffs

also allege that the defendants were parties to a collective bargaining agreement dated July 1,

2005 to June 30, 2008. *See id.* at ¶ 9; *see also* Menechino Aff., Ex. C.[1] The complaint further

alleges that the defendants have failed and refused to make payments owed to the plaintiffs

pursuant to that agreement. *See* Complaint ¶¶ 13, 15, 19, 21, 23, 25, 27 and 29[2].

In her affidavit, counsel for the plaintiffs states that the defendants have failed to make

necessary contributions to the Funds from March 1, 2008 to June 7, 2008, totaling $13,728.69.

*See* Menechino Aff. at ¶ 4. A spreadsheet, which was generated during the normal course of

business by the Funds, has been provided to the court to confirm the amount that is due and

owing. *See* Menechino Aff., Ex. B. However, nothing in the complaint or counsel's affidavit

indicates that Antonacci exercised control over the activities and operations of M.N.T. or

determined whether or not M.N.T. would make its required contributions to the Funds. Although

the plaintiffs have argued in their memorandum that Antonacci is personally bound by the

---

[1]Menechino's affidavit was submitted electronically and does not contain a notary's
stamp or signature. While the signature line does reflect an electronic signature, the document
does not indicate the name of the notary, when the document was sworn to and when the notary's
commission expires. The court, therefore, finds the electronic signature insufficient.

[2]The court has cited to the designated paragraph numbers in the complaint although the
paragraphs are misnumbered. *See* Complaint at 5. The court notes that complaints similar to the
one have been filed by counsel in other cases pending before the court and should be corrected.

collective bargaining agreement, the plaintiffs have annexed an unsigned copy of the collective

bargaining agreement to their motion papers.  *See* Menechino Aff., Ex. C.

Nonetheless, the plaintiffs seek an award against both defendants in the amount of

$13,728.69 in delinquent contributions, along with interest in the amount of $2,947.00

determined at a rate ranging from 6% to 7% from March 1, 2008 through June 7, 2008,

liquidated damages in the amount of $6,005.24, legal fees in the amount of $1,815 and costs in

the amount of $670, for a total award of $25,165.93.

## DISCUSSION

### A.  Default Judgment

Entry of a default judgment is appropriate when "the adversary process has been halted

because of an essentially unresponsive party."  *Dae Woo Kim v. City of New York*, 1990 U.S.

Dist. LEXIS 7137, at *5 (S.D.N.Y. June 11, 1990) (quoting *H.F. Livermore Corp. v. Aktien-*

*gesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).  But, even after default, "it

remains for the court to consider whether the unchallenged facts constitute a legitimate cause of

action, since a party in default does not admit mere conclusions of law."  *Trustees of the*

*Plumbers Local Union No. 1 Welfare Fund v. Philip Gen. Constr.,* 2007 WL 3124612, *3

(E.D.N.Y. Oct. 23, 2007).   Here, the undersigned recommends that a default judgment be

entered only against M.N.T. based upon its failure to respond to the complaint.  *See* Fed. R. Civ.

P. 55(b).

The plaintiffs have provided no basis to impose individual liability against Antonacci.  A

number of cases in this circuit have addressed the issue of individual liability, noting that

although federal law governs disputes arising under ERISA, New York state law applies in

3

determining whether a collective bargaining agreement imposes personal liability on a signatory to the agreement. *See, e.g., Trustees of the Plumbers Local Union No. 1 Welfare Fund v. Philip General Constr.,* 2007 WL 3124612, *6 (E.D.N.Y. Oct. 23, 2007)(citing *Mason Tenders Dist. Council Welfare Fund v. Thomsen Constr. Co.,* 301 F.3d 50, 53 (2d Cir. 2002)). Based on its analysis of New York law, the Second Circuit has held that, where liability is based on a signed CBA, there must be "clear and explicit evidence" that an individual intended to be held personally liable for the liability of a corporation when he signed the CBA. *See Trustees of the Plumbers Local Union No. 1 Welfare Fund v. Manhattan Plumbing Corp.,* 2009 WL 5821676, *6 (E.D.N.Y. Oct. 8, 2009)(citing *Thomsen*, 301 F.3d at 53). The court must determine, therefore, whether there is "overwhelming evidence of the signatory's intention to assume personal liability." *Manhattan Plumbing,* 2009 WL 5821676 at *6 (internal citations omitted).

The factors to be considered include "'the length of the contract, the location of the liability provisions(s) in relation to the signature line, the presence of the signatory's name in the agreement itself, the nature of the negotiations leading to the contract, and the signatory's role in the corporation.'" *Id.* (quoting *Cement & Concrete Workers Dist. Council Welfare Fund v. Lollo,* 35 F.3d 29, 35 (2d Cir. 1994)). Here, the complaint only states that Antonacci "is and was an officer and/or director and/or agent of the corporate defendant and therefore is an employer within the meaning of Section 3(5) of E.R.I.S.A., 29 U.S.C., Section 1002(5)" and that the "defendants" were parties to the collective bargaining agreement. Complaint at ¶¶ 4, 9. In their memorandum of law, the plaintiff's further argue that Antonacci is bound by the wherefore clause in the agreement, which states "The person signing on behalf of the Employer also agree to be personally bound by and to assume all obligations of the Employer provided in the

Agreement." Pls. Mem. at 4. However, Antonacci's name does not appear on the signature line

on the copy provided to the court. In addition, weighing against liability is the fact that the CBA

is a long contract, the negotiations leading to the contract are unknown and the plaintiffs have not

provided an evidence of Antonacci's role in the corporation.

Moreover, while the complaint states that Antonacci was an employer within the meaning

of Section 1002(5), the undersigned finds that the allegations in the complaint are insufficient to

impose liability as a fiduciary. The Second Circuit considered whether the signatories to a

collective bargaining agreement were fiduciaries for purposes of imposing personal liability

under ERISA in *LoPresti v. Terwilliger,*126 F.3d 34 (1997). In *LoPresti,* the Court found that

certain defendants were individually liable as fiduciaries because they were signatories to the

company's account, signed checks on that account, including payments to the Funds, and had "a

role in determining which bills to pay." *Id.* Another defendant who was authorized to sign

checks on the company's behalf but who did not have responsibility for deciding which creditors

would be paid, did not, the Court determined, exercise sufficient authority or control over the

Plan assets and thus was not an ERISA fiduciary. *Id.* at 40-41.[3] Here, the complaint lacks any

claim that Antonacci exercised control over the activities and operations of M.N.T. or the

disposition of assets to the benefits funds within the meaning of ERISA. Accordingly, the court

now turns to the issue of the damages award against M.N.T.

**B. Damages**

A default constitutes an admission of all well-pleaded factual allegations in the

---

3

complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.), *cert. denied,* 506 U.S. 1080 (1993). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov,* 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159. An evidentiary hearing is not required so long as there is a basis for the damages awarded. *Transatlantic Marine Claims Agency v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997)(citations omitted). Here, the documentary evidence submitted by the plaintiffs is insufficient to provide the basis for an award against the corporate defendant.

The copy of the collective bargaining agreement between the parties proffered in support of the within motion is unsigned. In addition, the affidavits submitted in support of both the underlying motion and the damages claim do not have a notary seal nor are they signed 'under penalty of perjury." *See* 28 U.S.C. § 1746. Accordingly, the undersigned recommends that plaintiffs' motion for an award of damages against M.N.T. be denied without prejudice to a renewal thereof upon submission of a signed collective bargaining agreement and proper affidavits.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for the plaintiffs by electronic filing on the date below. Plaintiff's counsel is directed to serve a copy of this Report on the defendants and to electronically file proof of service with the court. Any objections to this

Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28

U.S.C. §636 (b)(1); Fed. R. Civ. P. 72;  Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections

within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,*

2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir.

1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
      December 13, 2011

                                          _____ /s/ _____
                                          ARLENE ROSARIO LINDSAY
                                          United States Magistrate Judge