**FILED
CLERK**

9/21/2012 3:55 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
STEPHEN FLANAGAN, as a Trustee of the
GENERAL BUILDING LABORERS' LOCAL 66
PENSION FUND; STEPHEN FLANAGAN, as a
Trustee of the GENERAL BUILDING
LABORERS' LOCAL 66 WELFARE FUND;
STEPHEN FLANAGAN, as a Trustee of the
GENERAL BUILDING LABORERS' LOCAL 66
ANNUITY FUND; STEPHEN FLANAGAN, as a
Trustee of the GENERAL BUILDING
LABORERS' LOCAL 66 LABORERS' EMPLOYER
COOPERATIVE AND EDUCATIONAL TRUST
FUND; STEPHEN FLANAGAN, as a Trustee      MEMORANDUM & ORDER
of the GENERAL BUILDING LABORERS'         09-CV-1250(JS)(ARL)
LOCAL 66 GREATER NY LABORERS' EMPLOYER
COOPERATIVE AND EDUCATIONAL TRUST
FUND; STEPHEN FLANAGAN, as a Trustee
of the GENERAL BUILDING LABORERS'
LOCAL 66 TRAINING PROGRAM; STEPHEN
FLANAGAN, as a Trustee of the GENERAL
BUILDING LABORERS' LOCAL 66 NEW YORK
STATE HEALTH AND SAFETY FUND; STEPHEN
FLANAGAN, as Business Manager of
GENERAL BUILDING LABORERS' LOCAL UNION
NO. 66 of the LABORERS' INTERNATIONAL
UNION OF NORTH AMERICA, AFL-CIO,

                     Plaintiffs,

        -against-

M.N.T. DEVELOPMENT CORP. and ANDREW
ANTONACCI,

                     Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:     Alicia M. Menechino, Esq.
                    Law Offices of William T. LaVelle, P.C.
                    The LaVelle Building
                    57 East Main Street
                    Patchogue, NY 11772

For Defendants:     No appearances.
```

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge Arlene R. Lindsay's second Report and Recommendation (the "Second R&R") in this action, recommending that Plaintiffs' request for damages be denied. For the following reasons, Plaintiffs' objections to Judge Lindsay's Second R&R are SUSTAINED IN PART and OVERRULED IN PART, Judge Lindsay's Second R&R is ADOPTED IN PART, and Plaintiffs' request for an award of damages is DENIED.

BACKGROUND

The Court assumes familiarity with the underlying facts of this case which are described in detail in Judge Lindsay's Second R&R. The Court will only discuss the relevant procedural history.

Plaintiffs commenced this action on March 25, 2009 against M.N.T. Development Corp. ("MNT") and Andrew Antonacci ("Antonacci") alleging violations of Section 515 of the Employee Retirement Income Security Act ("ERISA"), codified as 29 U.S.C. § 1145. (Docket Entry 1.) After multiple extensions of time (and one Notice of Impending Dismissal for lack of prosecution) (Docket Entries 2, 4, 7-8), Plaintiffs served the Summons and Complaint on MNT and Antonacci in November 2009 and January 2011 respectively (Docket Entries 5, 9). Neither MNT nor Antonacci answered or otherwise responded to the Complaint.

Eight months later, on August 29, 2011, Plaintiffs moved simultaneously for an entry of default and a default judgment. (Docket Entry 10.) On August 31, 2011, the Clerk of the Court noted the default (Docket Entry 11), and on September 22, 2011, the Court referred Plaintiffs' motion for a default judgment to Judge Lindsay for an R&R (Docket Entry 12). On December 13, 2011, Judge Lindsay issued an R&R (the "First R&R") (Docket Entry 17), recommending that Plaintiffs' motion for a default judgment against MNT be granted and that Plaintiffs' claims against Antonacci be dismissed. Flanagan v. M.N.T. Dev. Corp., No. 09-CV-1250, 2011 WL 6955892, at *2-3 (E.D.N.Y. Dec. 13, 2011). Judge Lindsay also recommended that Plaintiffs' request for an award of damages be denied with leave to renew because Plaintiffs had failed to provide the Court with a signed copy of the operative collective bargaining agreement or with notarized affidavits. Id. at *3.

No party objected to Judge Lindsay's First R&R, and this Court adopted it in its entirety on January 26, 2012 (Docket Entry 18), dismissing all claims against Antonacci. Flanagan v. M.N.T. Dev. Corp., No 09-CV-1250, 2012 WL 28299, at *1 (E.D.N.Y. Jan. 5, 2012). The Court granted Plaintiffs until January 31, 2012 to renew their request for damages against MNT "by filing a signed copy of the collective bargaining agreement and proper affidavits as outlined in Judge Lindsay's [First]

3

R&R." Id. Plaintiffs were warned that the Court would not accept any late submissions, as the case had already suffered from inordinate delay. Id.

On January 31, 2012, Plaintiffs renewed their motion for damages against MNT by filing an affidavit (the "Original Menechino Affidavit") signed under penalty of perjury attaching a signed copy of the collective bargaining agreement and various other exhibits. (Docket Entry 19.) However, three of the attached exhibits were filed in error--i.e., Plaintiffs mistakenly submitted paystubs and other payroll information for an entirely different lawsuit. (Original Menechino Aff. Exs. A-B, F.) The Court referred Plaintiffs' renewed motion to Judge Lindsay for an R&R on February 1, 2012. (Docket Entry 21.)

On February 3, 2012, notwithstanding this Court's warning that submissions filed after January 31, 2011 would not be accepted, Judge Lindsay issued an order directing and encouraging Plaintiffs to file supplemental papers in support of their damages claim. (Docket Entry 22.) On February 10, 2012, Plaintiffs submitted a supplemental affidavit (the "Amended Menechino Affidavit") attaching the proper Exhibits A and B (Docket Entry 23) and a Memorandum in Support (Docket Entry 24).

On August 7, 2012, Judge Lindsay issued her Second R&R recommending that the Court deny Plaintiffs' renewed request for damages against MNT because: (1) "[d]espite the court's warning

4

that no late submissions would be accepted," Plaintiffs submitted the Amended Menechino Affidavit in an attempt to cure the fatal defects in the Original Menechino Affidavit after this Court's January 31, 2011 deadline "without permission from the court" (Second R&R at 3), or (2) in the alternative, even if the Court considered the untimely Amended Menechino Affidavit, Plaintiffs' submissions are "replete with error making it impossible for the court to determine the proper amount of damages to be awarded" (Second R&R at 4).

On August 20, 2012, Plaintiffs filed objections to Judge Lindsay's Second R&R. (Docket Entry 27.)

DISCUSSION

I. Standard of Review

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate's report and recommendation within fourteen days of being served with the recommended disposition. See FED. R. CIV. P. 72(b)(2). Upon receiving any timely objections to the magistrate judge's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings or recommendations

5

made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b)(3). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object. See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citation omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report. See 28 U.S.C. § 636(b)(1); Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). But if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (internal quotation marks and citation omitted). Furthermore, even in a de novo review of a party's specific objections, the court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been but [were] not, presented to the magistrate judge in the first instance." Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (internal quotation marks and citation omitted).

II. Plaintiffs' Objections

Plaintiffs' objections to Judge Lindsay's Second R&R are as follows: (1) Judge Lindsay should not have rejected the Amended Menechino Affidavit as untimely, (2) the inclusion of irrelevant exhibits should not preclude an award of damages, and (3) the discrepancies in Plaintiffs' affidavits and documentary support are not so "replete with error" as to make it impossible to calculate damages. Because Plaintiffs have filed specific objections, the Court must conduct a de novo review of Plaintiffs' application for damages.

A. Timeliness

Plaintiffs argue that the Amended Menechino Affidavit "should be accepted as it only amended Exhibit A and Exhibit B to replace erroneously submitted exhibits" attached to the original Menechino Affidavit. (Pls. Objs. 2.)[1] In other words, because there was no substance to the amendments, they should not be precluded. The Court disagrees. This Court's January 26, 2012 Memorandum and Order could not have been clearer: "No late submissions will be accepted." Flanagan v. M.N.T. Dev. Corp., 2012 WL 28299, at *1.

Nonetheless, the Court must sustain Plaintiffs' objection. Notwithstanding the clear prohibition against late

---

[1] Plaintiffs failed to number the pages of their objections, so the Court's citations are to the page numbers inserted by ECF.

7

submissions in this Court's Order, Judge Lindsay's February 3, 2012 Order "directed" plaintiffs "to serve and file supplemental papers in support of its damages claim by March 5, 2012." (Docket Entry 22, at 1.) Thus, the Amended Menechino Affidavit, which was filed on February 10, 2012, was filed within the time prescribed by Judge Lindsay and will not be precluded as time-barred.

B.   <u>Errors and Inconsistencies in Plaintiffs' Submissions</u>

Plaintiffs also argue that Judge Lindsay erred in concluding that the errors and inconsistencies in the Amended Menechino Affidavit and the exhibits attached thereto should not preclude an award of damages because the discrepancies are only minor. The Court disagrees.

Every document and/or exhibit submitted by Plaintiffs in support of its request for an award of damages includes different information. The Complaint alleges that MNT failed to make payments owed to Plaintiffs pursuant to their collective bargaining agreement in the following amounts:

```
Local 66 Pension Plan:              $3,835.05
Local 66 Welfare Plan:              $5,727.30
Local 66 Annuity Plan:              $2,863.65
Local 66 LECET Fund:                   $56.15
Local 66 Greater NY LECET Fund:       $123.53
Local 66 Training Fund:               $140.38
Local 66 Health and Safety Fund:       $28.08
Local 66 District Council:            $954.55
```

8

(Compl. at 9.) This totals $13,728.69. The Complaint does not state that these payments related to a particular period of time, nor does it state that they relate to particular employees. The Amended Menechino Affidavit also states that MNT was delinquent $13,728.69 and adds that this amount covered the period between March 1, 2008 and June 7, 2008. (Am. Menechino Aff. ¶ 6.) The Amended Menechino Affidavit does not mention specific employees. It does state, however, that "[c]opies of the payroll and paystubs for the time period sought [t]herein are annexed [t]hereto as Exhibit 'A'" and that "[c]opies of the spreadsheets generated pursuant to the receipt of said payroll and paystubs and setting forth the amounts due for per [sic] fund per each time period and per each laborer are annexed [t]hereto as Exhibit 'B.'" (Am. Menechino Aff. ¶ 5.) Exhibit A contains paystubs for Carlos Goncalves, Sr. for the period of April 6, 2008 through June 7, 2008, and a paystub for Carlos A. Goncalves for the period of May 11, 2008 through May 17, 2008. It also includes weekly payroll charts for Carlos Goncalves, Phillip Mosley, Jose Mendes, Carlos Goncalves, Sr., Robert Bile, Timothy Brown, Raul Quinones, Alberto Mendez, and Tom D'atre for the period of January 5, 2008 through April 26, 2008. Exhibit B contains a spreadsheet purporting to document the hours worked by Carlos Goncalves between January 5, 2008 and April 26, 2008, the hours worked by Jose Mendes between January 5, 2008 and

9

April 19, 2008, and the hours worked by Carlos Goncalves, Sr. between May 3, 2008 and June 7, 2008. Thus the Court is left guessing what time period and which employees are covered under the Complaint.

Plaintiffs assert in their objections for the first time exactly what they are seeking in damages:

> For the period from January 1, 2008 through April 26, 2008, amounts are due as to Carlos Goncalves Jr. and Jose Mendes for work they performed as set forth in the weekly payroll logs which were submitted as Exhibit A . . . .
>
> For the period from April 26, 2008 through June 7, 2008, amounts are due as to Carlos Goncalves Sr. for work he performed as set forth in paystubs which were also submitted as Exhibit A . . . .

(Pls. Objs. 5.) While this clearly explains exactly what Plaintiffs are seeking in damages, the Court will not consider new arguments or new evidence not presented to the magistrate judge. See Zhao v. State Univ. of N.Y., No. 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." (internal quotation marks and citation omitted)). This information should have been laid out in Plaintiffs' initial submission. Plaintiffs' failure to articulate in the Amended

10

Menechino Affidavit (or in any properly filed document submitted in support of their request for damages) how they arrived at the $13,728.69 damages figure is fatal to their request for damages, as it is not the Court's duty "to ferret through sloppy records in search of evidence supporting a party's case."  <u>Mercado-Alicea v. P.R. Tourism Co.</u>, 396 F.3d 46, 51 (1st Cir. 2005). Accordingly, Plaintiffs' remaining objections are overruled.

<u>CONCLUSION</u>

For the foregoing reasons, the Court SUSTAINS IN PART and OVERRULES IN PART Plaintiffs' objections, ADOPTS Judge Lindsay's Second R&R IN PART, and DENIES Plaintiffs' request for damages.

The Clerk of the Court is directed to enter Judgment consistent with this Memorandum and Order and the Court's Memorandum and Order dated January 26, 2012 and to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: September __21__, 2012
       Central Islip, NY

11